**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2012

No. 11-41071
Summary Calendar

Lyle W. Cayce
Clerk

SCOTT SHINE,

Plaintiff-Appellant

v.

CHRIS MARS,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
Division No. 5:10-CV-128

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Scott Shine appeals the dismissal of his claims under 42 U.S.C. § 1983 for wrongful arrest against defendant Chris Mars. The dismissal followed the district court's decision that defendant Mars was entitled to qualified immunity on a motion for summary judgment. We affirm.

Plaintiff Shine was arrested for selling drugs on two dates, September 4, 2008 and October 28, 2008. The defendant, a Franklin County deputy, made the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41071

arrest of plaintiff after obtaining a warrant from a judicial officer and after plaintiff was indicted by a grand jury. These findings of probable cause insulate Mars from any claim for false arrest, unless he made false statement in his affidavit which was used to obtain the warrant. *Taylor v. Greggs*, 36 F.3d 453, 456-57 (5th Cir. 1994). The district court properly found that Shine failed to identify any falsehood in Deputy Mars' Affidavit. Neither did he identify any false information that was presented to the grand jury. Plaintiff's claim that he was out of town on the days on which the alleged drug transactions took place does not alter this analysis as Shine has not shown that Mars was aware of his whereabouts at the relevant time.

Accordingly, the district court did not err in granting Mars' Motion for Summary Judgment in the issue of qualified immunity.

AFFIRMED.