# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

No. 12-40273
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT LEZA,

Plaintiff - Appellant

v.

CITY OF LAREDO; CARLOS VILLARREAL, INDIVIDUALLY,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-cv-65

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leza filed suit against the City of Laredo seeking reinstatement to his former position with the City. After the City had moved for summary judgment and Leza had filed his response in opposition, he was informed by the magistrate judge that his attorney was ineligible to practice before the court because of his suspension in state court. In response, Leza retained new counsel. New counsel filed a motion to amend the scheduling order, seeking to re-open discovery for a period of 90 days so additional discovery could be taken and Leza's response to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the City's motion for summary judgment could be supplemented.  The district court denied Leza any additional discovery, finding that Leza had not shown good cause pursuant to Rule 16(b)(4) to modify the court's scheduling order and that his motion to re-open discovery was procedurally defective under Rule 56(d). Subsequently, the district court granted the City's motion for summary judgment.  Leza appeals the district court's order denying his motion to re-open discovery.  We affirm.

## I.

This Court reviews a district court's decision regarding amendment of pretrial orders for an abuse of discretion.[1]  Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[2]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[3]  Specifically, courts consider four factors in determining whether to allow a scheduling modification for good cause under Rule 16(b): (1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[4]

Similarly, this Court reviews the denial of a Rule 56(d) motion for abuse of discretion.[5]  In reviewing the district court's ruling, we must bear in mind that

---

[1] *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

[2] Fed. R. Civ. P. 16(b)(4).

[3] *S&W Enters., L.L.C. v. South Trust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1552.1 (2d ed. 1990)).

[4] *See Reliance Ins. Co.  v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

[5] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (1999).

the district court has "broad discretion to preserve the integrity and purpose of the pretrial order"[6] and that district court judges have "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."[7]

## II.

We cannot conclude the district court abused its discretion in finding Leza had not shown good cause for amending the scheduling order pursuant to Rule 16(b). In his motion, Leza argued:

> [P]laintiff requests an opportunity to take the deposition of Carlos Villarreal to determine his reasons for overruling the decision of the grievance panel that found Mr. Leza's termination unjustified and that he should be reinstated. Plaintiff also needs to determine what evidence was relied upon by the City to terminate Mr. Leza . . . . The entry of an amended scheduling order would go a long way toward making sure that the case is decided on the merits and plaintiff Robert Leza is not unfairly penalized for the actions or inactions of prior counsel.

In denying his motion, the district court reasoned that Leza failed to establish good cause because he "[made] no effort to explain how the deposition testimony sought will have any bearing on the issues raised in the Defendant's summary judgment motion." We agree.

Moreover, where, as here, the party seeking to re-open discovery fails to make any specific allegations to support his claim that the action or inaction of his previous attorney negatively impacted his case, such that good cause for an amendment would exist, we cannot conclude the district court abused its discretion in denying the motion. Although it is true that the court below sanctioned Leza's former counsel for failing to appear at a pre-trial scheduling conference, it is not at all clear how that sanction correlates with a failure to

---

[6] *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

[7] *Reliance Ins.*, 110 F.3d at 258.

adequately conduct discovery, especially given the fact that Leza's former attorney conducted some discovery, including the taking of depositions. Moreover, former counsel's ineligibility to practice before the court below does not in and of itself constitute a showing of poor performance, given the fact that his bar suspension and ineligibility to practice were unrelated to his performance in Leza's case. In other words, Leza made no showing that his former attorney provided poor representation that negatively impacted his discovery.

In addition, Leza made no showing of diligence on his part. The interviews that Leza alleges show diligence occurred after the district court entered its order, making it illogical for us to conclude that the district court abused its discretion by failing to consider such interviews in its analysis of good cause. In short, Leza has made no showing that he was denied discovery or that his former counsel "fumbled representation" or "negatively impacted" his case, such that good cause existed for the requested amendment, and thus we cannot conclude that the district court abused its discretion in denying Leza's motion to re-open discovery.

## III.

Turning to the second basis for the district court's decision, the district court did not abuse its discretion by finding Leza's motion to re-open discovery was procedurally defective under Rule 56(d). In his motion, Leza requested additional discovery to supplement his response to the City's motion for summary judgment. Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration. Leza does not dispute that requirement but instead argues that "to require [him] to have verified this by affidavit or otherwise was redundant, inappropriate, and bureaucratic." Regardless of whether Leza personally believes the affidavit requirement contained in Rule

4

56(d) is "redundant," "inappropriate," or "bureaucratic," it is what Rule 56 requires.

## IV.

For the reasons set forth above, we cannot find the district court abused its discretion in denying Leza's motion to re-open discovery and thus we AFFIRM.