# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50390

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2014

Lyle W. Cayce
Clerk

TAMARA SCOTCH,

   Plaintiff - Appellant

v.

DONNIE LETSINGER, Sheriff of Edwards County, Texas (in his individual and official capacities); EDWARDS COUNTY, TEXAS,

   Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CV-15

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

  Plaintiff-Appellant Tamara Scotch ("Scotch") brings several constitutional claims under 42 U.S.C. § 1983 against Defendant-Appellee Donnie Letsinger ("Letsinger") in his individual and official capacities, as well as against Defendant-Appellee Edwards County, Texas (the "County"). The district court rejected Scotch's request to conduct discovery and granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50390

summary judgment in Defendants-Appellees' favor on all of Scotch's claims. We affirm.

I.

Scotch was a member of the Rocksprings, Texas city council. Letsinger served as the County's Sheriff. Chris David ("David"), a candidate whom Scotch had defeated in the 2009 city council election, contacted Letsinger on or about May 11, 2009 to request that he investigate irregularities in the election. David reported that Scotch was an invalid candidate because she had not continuously resided in Rocksprings during the six-month period preceding the application deadline. David also reported that Scotch falsely swore on her application that she satisfied this residency requirement.

Letsinger began investigating David's allegations. On February 19, 2010, Letsinger signed a sworn investigative report accusing Scotch of falsely affirming on her ballot application that she had resided continuously in Rocksprings for the previous six months. The report claimed that Scotch resided at a ranch outside the Rocksprings city limits, but that Scotch instead listed an address at which she had not resided for two years.

After Letsinger investigated Scotch's eligibility for office, another informant told Letsinger that Scotch and other city council members had violated the Texas Open Meetings Act ("TOMA"). The informant reported that the council members unlawfully met privately with an attorney to discuss a settlement offer in a civil case pending against the city. Letsinger began investigating these allegations as well.

On September 23, 2011, Letsinger signed an affidavit of probable cause detailing the results of the TOMA investigation. On the basis of Letsinger's affidavit, a state district attorney filed a criminal information charging Scotch and other councilmembers with TOMA violations. A law enforcement

2

No. 14-50390

officer arrested Scotch, and Scotch posted bond. The Texas state court ultimately dismissed the information on procedural grounds.

On February 29, 2012, a Texas grand jury, on the basis of Letsinger's investigation into Scotch's allegedly false statements regarding her residency, charged Scotch in a one-count indictment with tampering with a governmental record. A law enforcement officer arrested Scotch, and Scotch again posted bond. Because the indictment did not allege the necessary element of intent to harm or defraud, the district attorney agreed to quash the indictment so the State could refile the charge. The grand jury again charged Scotch with tampering with a governmental record on July 20, 2012. The state court dismissed the second indictment on statute of limitations grounds on November 21, 2012.

Scotch filed this suit on February 25, 2013. Letsinger and the County asserted the defense of qualified immunity. The district court stayed discovery pending its resolution of the qualified immunity defense. Letsinger and the County thereafter moved for summary judgment. Scotch then requested that the district court permit discovery pursuant to Federal Rule of Civil Procedure 56(d). The district court denied Scotch's request and granted summary judgment. Scotch now appeals.

II.

We first consider whether the district court improperly denied Scotch's request to conduct discovery. Scotch's request consists of a single paragraph embedded in her response to the summary judgment motion in which she contends that "there are facts within Letsinger's knowledge that Plaintiff can learn only through discovery, such as the testimony given to the grand jury by Letsinger and Letsinger's knowledge of certain matters pertaining to Plaintiff's residency."

No. 14-50390

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . allow time to obtain affidavits or declarations or to take discovery." We review a district court's denial of a Rule 56(d) motion for abuse of discretion.[1]

The district court did not abuse its discretion here. Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment.[2] Because Scotch did not submit either an affidavit or a declaration, the district court did not err in denying Scotch's request.[3]

III.

We now consider whether the district court properly granted summary judgment. We review a district court's order granting summary judgment *de novo*.[4] Summary judgment is proper if the record demonstrates no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[5] We "construe the evidence and draw all reasonable inferences in the light most favorable to the non-moving party."[6]

---

[1] *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

[2] *See* FED. R. CIV. P. 56(d); 28 U.S.C. § 1746. *See also Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (affirming a district court's denial of a motion to reopen discovery because the motion was not accompanied by an affidavit or declaration).

[3] *See Leza*, 496 F. App'x at 377-78.

[4] *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 476 (5th Cir. 2014) (citing *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999)).

[5] *Id.* (citing *Deville*, 567 F.3d at 163-64; *Burge*, 187 F.3d at 464-65.

[6] *Id.* (citing *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004)).

No. 14-50390

## A.

We first consider Scotch's claims against Letsinger in his individual capacity. "[W]hen a defendant invokes the defense of qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."[7] To determine whether qualified immunity applies, we consider (1) whether the defendant violated one or more of the plaintiff's constitutional rights and (2) whether that right was "clearly established" at the time of the violation.[8]

Scotch first claims that Letsinger caused her to be falsely arrested in violation of the Fourth Amendment.[9] She asserts that Letsinger "submitted a false affidavit of probable cause and provided false testimony to the grand jury, which resulted in Scotch's arrest and indictment on various state criminal charges" which "were subsequently dismissed."

Scotch produced no evidence that Letsinger provided any false information whatsoever. With respect to the tampering charge, Letsinger averred that Scotch (1) resided outside the Rocksprings city limits during the six months preceding the 2009 ballot application deadline and (2) listed an address at which she had not resided for two years on her application. Scotch has not demonstrated that any of this information is false.[10] Scotch argues that she qualified as a Rocksprings resident because she "inten[ded] to

---

[7] *Id.* (citing *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)).

[8] *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)).

[9] Scotch also characterizes her Fourth Amendment claim as a malicious prosecution claim, but "causing charges to be filed without probable cause will not without more violate the Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 953. (5th Cir. 2003) (en banc), *cert. denied*, 543 U.S. 808 (2004). Consequently, a plaintiff may not bring "a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2972 (2011) (citing *Castellano*, 352 F.3d at 942).

[10] *See Shine v. Mars*, 459 F. App'x 449, 449-50 (5th Cir. 2012).

return" to a house she owned within the city limits, but the record contains no evidence of any such intent.

Nor does the record contain any evidence that Letsinger submitted a false affidavit regarding the alleged TOMA violations. Letsinger averred that Scotch and other council members unlawfully conducted a secret meeting with an attorney to discuss a settlement offer. Scotch introduces no evidence that this information is false. Indeed, the record contains the certified minutes of a council meeting at which Scotch admitted to conducting the secret meeting without first providing public notice. Because there is no evidence that Letsinger violated Scotch's constitutional rights, the district court properly granted summary judgment in Letsinger's favor on Scotch's Fourth Amendment claim.

Scotch also claims that Letsinger prosecuted her in retaliation for exercising her First Amendment right to run for and retain elected office. When a plaintiff alleges that a defendant initiated a criminal prosecution to retaliate against the plaintiff's exercise of his or her First Amendment rights, the plaintiff must establish, *inter alia*, that the defendant lacked probable cause to initiate the prosecution.[11] As discussed above, the record contains no evidence that Letsinger lacked probable cause to prosecute Scotch on the TOMA and tampering charges. Therefore, the district court properly granted summary judgment on Scotch's retaliation claim.[12]

## B.

The district court also properly dismissed Scotch's official capacity claims against Letsinger, as well as her claims against the County. "Because

---

[11] *Izen v. Catalina*, 398 F.3d 363, 367-68 (5th Cir. 2005) (citing *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

[12] *See id.* (citing *Keenan*, 290 F.3d at 258).

No. 14-50390

official capacity suits are really suits against the governmental entity," Scotch's attempt to hold Letsinger liable in his official capacity "is subsumed within her identical claim against" the County.[13]

"No liability exists under the doctrine of *respondeat superior* in claims brought under 42 U.S.C. § 1983."[14] To hold a municipality liable for the actions of its employees in a § 1983 suit, "the plaintiff must show that the municipality had adopted a policy, practice, or custom that was the moving force behind the constitutional violation."[15] The summary judgment record contains no evidence of any wrongdoing at all, let alone a municipal policy, custom, or pattern of violating constitutional rights. The district court therefore properly granted summary judgment in favor of the County and Letsinger.

AFFIRMED.

---

[13] *See Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009).

[14] *Kitchen*, 759 F.3d at 476 (citing *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752-53 (5th Cir. 2009)).

[15] *Id.* (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978); *Duvall v. Dallas Cnty., Tex.*, 631 F.3d 203, 209 (5th Cir. 2011)).