# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CARMEN SOLIS PONCE, also known as Jose Carmen Solis-Ponce, also known as Igancio Solis, also known as Jose Ponce Solis, also known as Jose Carmen Ponce Solis, also known as Jose Carmen Solis, also known as Jose S. Carmen, also known as Jose C. Solis, also known as Jose C. Ponce,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, ELROD, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:

Jose Carmen Solis Ponce appeals his guilty-plea conviction and sentence for illegal reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the district court erred in applying U.S.S.G. § 2L1.2(b) to enhance his sentence based on his prior 1996 and 1998 felony convictions.

To the extent that Solis Ponce is challenging the reliability of the presentence report's determination that he admittedly reentered the United States illegally on November 23, 2010, he has forfeited that argument by

raising it for the first time in his reply brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Even if he had not forfeited this argument, we would find no error in the district court's reliance on Solis Ponce's admitted date of entry.

There is likewise no merit to Solis Ponce's contention that his prior convictions should not have been used to enhance his sentence under § 2L1.2(b) because they were too remote from the date on which he was found illegally in the United States and, thus, should not have received criminal history points under U.S.S.G. § 4A1.2(e)(1). We review this issue de novo. *See United States v. Hawkins*, 866 F.3d 344, 346-47 (5th Cir. 2017).

"A § 1326 offense begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by [immigration authorities] in the United States." *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also United States v. Santana-Castellano*, 74 F.3d 593, 597-98 (5th Cir. 1996) (rejecting a challenge to the application of U.S.S.G. § 4A1.1(d), which adds criminal history points if the defendant was under a criminal justice sentence at the time of his illegal reentry). The commentary to § 4A1.2 states that "the term 'commencement of the instant offense' includes any relevant conduct." § 4A1.2, comment. (n.8). Accordingly, when determining whether a prior conviction meets the time-period requirement for assessing criminal history points under § 4A1.2(e), the triggering date is that of the defendant's illegal reentry, not the date on which the defendant was found by immigration authorities in the United States. Because Solis Ponce's prior convictions were within the requisite time period from his illegal reentry date in order to receive criminal history points under § 4A1.2(e)(1), the district

No. 17-20329

court did not err in enhancing his offense level under § 2L1.2(b) based on those convictions.  *See* § 2L1.2, comment. (n.3); *Hawkins*, 866 F.3d at 346-47.

Finally, Solis Ponce has failed to show that the extent of the district court's downward departure based on the age of his 1996 conviction constituted an abuse of discretion.  *See United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).  The judgment of the district court is AFFIRMED.