# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ALBERTO MACIAS-COLMENERO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-212-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Juan Alberto Macias-Colmenero pleaded guilty to one count of illegal reentry into the United States after a previous removal. The district court sentenced him to 57 months of imprisonment and imposed a three-year term of supervised release. Macias-Colmenero argues that the district court erred in applying criminal history points for his 1996 sentence for driving with a suspended license and 1997 sentences for possession with intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marijuana and importation of marijuana because, he contends, they occurred beyond the 10- and 15-year periods for counting offenses under U.S.S.G. § 4A1.2(e). That section of the Guidelines says to count in a defendant's criminal history score "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense," in addition to "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense."

The presentence report (PSR) stated that Macias "indicated to Immigration and Customs Enforcement Agents he last entered the United States illegally on or about April 3, 2005." Macias-Colmenero contends that the instant offense of illegal reentry commenced on September 9, 2018, the date he was arrested, rather than April 3, 2005, the date he illegally reentered the United States. This argument is without merit, as this court has explained that "when determining whether a prior conviction meets the time-period requirement for assessing criminal history points under § 4A1.2(e), the triggering date is that of the defendant's illegal reentry, not the date on which the defendant was found by immigration authorities in the United States." *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018).

Outside of a mere denial at sentencing that he did not reenter the United States on April 3, 2005, Macias-Colmenero did not provide any evidence to rebut the information contained in the PSR. This mere denial was insufficient to show that the PSR was inaccurate or unreliable. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007); *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). The probation officer relied on Macias-Colmenero's immigration file in finding that the instant offense commenced on April 3, 2005, and the officer showed that document to the district court at sentencing.

No. 19-50091

Macias-Colmenero has not shown that the district court clearly erred in finding that his 1996 and 1997 sentences were imposed within 10 and 15 years, respectively, of the time the instant offense commenced in 2005 and in applying criminal history points to those sentences under U.S.S.G. § 4A1.1 and § 4A1.2. *See* § 4A1.1(a), (b); § 4A1.2(c)(1), (e)(1)(2); *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013).

For the foregoing reasons, the judgment of the district court is AFFIRMED.