# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2024

Lyle W. Cayce
Clerk

No. 23-30619

————————————

Jerome Clyde Smith,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-842

————————————————————

Before Davis, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Jerome Smith sued BP Exploration & Production, Incorporated, and BP America Production Company (together, "BP"), alleging he developed a chronic medical condition from helping with cleanup efforts after the *Deepwater Horizon* disaster in 2010. The district court granted one extension of Smith's expert-disclosure deadline. Smith later sought a second

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

extension and a delay in consideration of BP's motion for summary judgment. The court denied both requests and granted summary judgment. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff Jerome Smith assisted with the cleanup efforts after the *Deepwater Horizon* explosion and massive oil leak. Smith filed a lawsuit on March 30, 2022, alleging he developed chronic rhinitis from his exposure to toxic substances while participating in the cleanup efforts. Smith hired the Downs Law Group, which has represented plaintiffs with similar claims against BP. The case management order prohibited Smith from conducting any discovery until his lawsuit was transferred to another court or reallotted within the Eastern District of Louisiana, which occurred on August 24, 2022, when the case was assigned to the Honorable Judge Wendy B. Vitter.

The district court issued a scheduling order on November 8, 2022. That order required Smith to provide his expert reports by March 1, 2023. It also called for all discovery matters to close by May 1. Trial was scheduled to commence on July 17.

Smith asserts his attorneys engaged in an "umbrella discovery process" against BP. Before discovery even opened in Smith's case, the Downs Law Group had issued subpoenas in a separate lawsuit in Florida against third-party entities responsible for environmental testing of the effects of the enormous volumes of oil that leaked from the well before it was sealed. Subpoena [91-1], *Culliver v. BP Expl. & Prod. Inc.*, No. 3:21-CV-4942 (N.D. Fla., Mar.17, 2023). The plan seems to have been for the *Culliver* plaintiffs to share discovery with other similar plaintiffs represented by the Downs Law Group. On February 28, 2023, Smith filed a motion to extend the scheduling order deadlines by 120 days. Smith argued that he could not meet the expert discovery deadline because "[o]nly recently have voluminous documents

been produced by BP's incentivized contractors," and because some documentation had yet to be produced. BP responded that only a 30-day extension would be appropriate, and the district court granted a 30-day extension.

On March 30, Smith attempted to file a renewed motion to extend the deadline by an additional 90 days. Smith argued, among other reasons, that good cause existed to extend the deadline because some discovery requests in the *Culliver* litigation were still outstanding. BP opposed the motion, and the district court denied the motion, holding that Smith failed to establish good cause.

On May 1, BP filed a motion for summary judgment. It argued Smith's claims should be dismissed because he failed to identify an expert witness to aid him in proving legal causation. Smith responded by submitting a motion under Federal Rule of Civil Procedure 56(d) to deny or defer briefing on BP's motion for summary judgment. Smith's counsel provided an affidavit explaining that they were awaiting discovery in the *Culliver* litigation dealing with data on tar ball, dispersant, and toxicity testing (collectively, "exposure data") in the wake of the *Deepwater Horizon* disaster. The district court denied Smith's Rule 56(d) request and granted BP's motion for summary judgment. The district court concluded Smith needed to establish both general and specific causation through expert testimony, yet Smith sought discovery that related only to specific causation. Smith had not provided evidence of general causation, leading the district court to conclude that summary judgment was appropriate. Smith timely appealed.

## DISCUSSION

This court reviews denials of Rule 56(d) motions to suspend summary judgment for abuse of discretion. *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023). These motions are "broadly favored and should be liberally granted." *American Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d

887, 894 (5th Cir. 2013) (quotation marks and citation omitted). The district court nevertheless "has broad discretion in all discovery matters," including as they relate to Rule 56(d) motions, "and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *January*, 74 F.4th at 651 (quoting *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

This court reviews a grant of summary judgment *de novo*. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215 (5th Cir. 2024).

I.   *Whether the district court abused its discretion in refusing a second extension for Smith's expert-disclosure deadline and in declining to defer consideration of BP's summary judgment motion*

The parties dispute whether the district court should have granted Smith's Rule 56(d) motion to defer BP's summary judgment motion and allow Smith more time for his expert discovery. We first set out the standards governing Rule 56(d) relief and causation in toxic tort claims such as the ones before us, then we will address the merits of Smith's arguments.

Under Rule 56(d), "a district court may defer or deny a summary judgment motion, or allow additional time for discovery, if a 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *January*, 74 F.4th at 651 (quoting Fed. R. Civ. P. 56(d)). The nonmovant "must show (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Id.* (quotation marks, citation, and alteration omitted).

A plaintiff in a toxic tort case must, at a minimum, produce "scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities." *Allen v. Pa. Engineering Corp.*, 102 F.3d 194, 199 (5th Cir. 2007). Causation consists of two components: general causation and specific causation. *Knight v. Kirby Inland Marine*

4

*Inc.,* 482 F.3d 347, 351 (5th Cir. 2007). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Id.* (citation omitted).

"[T]here is a two-step process in examining the admissibility of causation evidence in toxic tort cases." *Id.* The district court must first determine whether the plaintiff has offered admissible general-causation evidence. *Id.* If there is such evidence, "the district court must [then] determine whether there is admissible specific-causation evidence." *Id.* The order of operations matters: "Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence." *Id.* If the district court determines there is no admissible general-causation evidence, it need not consider specific causation. *See id.* at 352.

We now address Smith's arguments.

*a.      Rule 56(d) and specific causation evidence*

Smith argued that the *Culliver* litigation could provide data on tar ball, dispersant, and toxicity testing in the wake of the oil spill. On appeal, Smith asserts this exposure data is necessary to establish specific causation, and the district court erred in considering BP's motion for summary judgment before he was able to obtain this purportedly necessary data.

This argument rests on the implicit ground that Rule 56(d) relief is appropriate whenever outstanding discovery is necessary to any essential element of a plaintiff's case. The caselaw, however, takes a less expansive approach to Rule 56(d)'s availability. It is not enough that the sought-after discovery might be necessary to the nonmoving party's case. Instead, the discovery must be sufficient to defeat the summary judgment motion. "The nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a

material fact." *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). "A genuine issue of material fact exists 'when the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crose v. Humana Ins.*, 823 F.3d 344, 347 (5th Cir. 2016) (quoting *Crownover v. Mid-Continent Cas. Co.*, 772 F.3d 197, 201 (5th Cir. 2014)).

Here, the sought-after exposure data would not create a genuine issue of material fact. It was Smith's burden to introduce expert evidence on both general and specific causation. *See Allen*, 102 F.3d at 199. We apply the persuasive guidance of a prior panel dealing with a similar issue and conclude the exposure data here would only be relevant to Smith's burden on specific causation. *See Byrd v. BP Expl. & Prod., Inc.*, No. 22-30654, 2023 WL 4046280, at *2 (5th Cir. June 16, 2023). As that panel explained, "[e]xposure data collected (or not) from the incident almost always bears on *specific* causation. It does not bear on whether, per the scientific literature, exposure to a chemical can cause a specific injury in the *general population*." *Id.* (emphasis in original). Following *Byrd*, we conclude this exposure data — for tar ball, dispersant, and toxicity testing — would not have changed Smith's lack of evidence establishing general causation. *See id.* Because Smith would not have been able to create a genuine dispute of material fact even with the sought-after discovery, the district court did not abuse its discretion in denying his Rule 56(d) motion. *See Knight*, 482 F.3d at 351–52.

b.      *Rule 56(d) and BP's prior stances on exposure data*

In addition to arguing the exposure data is necessary for specific causation, Smith also argues it is relevant to his burden on general causation. Smith contends that this court "should not apply" *Byrd* here and should instead deem the discovery at issue relevant for both general and specific causation. Smith asserts the *Byrd* panel left the door open to exposure data being relevant to general causation when it stated "[e]xposure data collected (or

not) from the incident *almost always* bears on *specific* causation." 2023 WL 4046280, at \*2 (first emphasis added, second in original). Smith adds that we should not apply the rule from *Byrd* because BP has argued in prior litigation that exposure data *is* relevant to general causation.

Smith's argument sounds in judicial estoppel. "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (*en banc*) (citation omitted). Judicial estoppel cannot help Smith here. First, the argument is forfeited, both for coming too late and being inadequately briefed. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (deeming a judicial estoppel argument forfeited). Smith raised this inconsistency argument only in his reply brief on appeal. Judicial estoppel has its own elements: "(1) the party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* (citation omitted). Smith does not assert arguments for either element. The argument is thus forfeited. *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018) (holding an argument forfeited when it was raised for the first time in the reply); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (explaining that a party forfeits an argument by failing to brief it adequately on appeal).

Although this court has discretion to consider judicial estoppel *sua sponte*, *Beall v. United States*, 467 F.3d 864, 870 (5th Cir. 2006), Smith cannot prevail on the merits of his argument. The circumstances must be "especially egregious" before this court will apply judicial estoppel despite forfeiture. *Id.* (citation omitted). Smith identifies two instances in litigation in the Northern District of Florida and one in the Eastern District of Louisiana in which BP purportedly took a stance contrary to its current position on

exposure data. We have examined all three. Each instance fails to warrant judicial estoppel, either because the stance asserted is not "plainly inconsistent" with BP's current position or because the stance has not been accepted by a court, even assuming its inconsistency. *Firefighters' Ret. Sys.*, 898 F.3d at 559. We find nothing that would rise to the level of "especially egregious" circumstances such that we would look beyond forfeiture. *Beall*, 467 F.3d at 870. Smith thus cannot prevail under judicial estoppel.

In summary, "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Biles*, 714 F.3d at 894 (citation omitted).[1] We conclude the district court did not abuse its discretion in denying Smith's Rule 56(d) motion because the discovery sought would not have influenced the outcome of the summary judgment motion.

## II. *Whether the district court erred in granting summary judgment to BP*

The district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When the party that did not move for summary judgment bears the burden of proof

---

[1] Smith invoked Federal Rule of Civil Rule 16(b)(4) in his opening brief, which states that "[a] schedule may be modified only for good cause and with the judge's consent." The end of Smith's brief then quotes the four factors used by a prior panel to assess good cause under that rule. *See Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012). Smith concluded, "[f]or the same reasons discussed above, Smith satisfied all of these elements in *both* of his motions to extend the expert-disclosure deadlines *and* in his Rule 56[(d)] motion." Up to this point in his brief, Smith had analyzed the denial of additional discovery through the lens of Rule 56(d). Without more as to why he should prevail under Rule 16(b)(4) even if he were to fail under Rule 56(d), we do not consider this argument.

at trial . . . the moving party need only point to a lack of evidence on an essential part of the non-moving party's claim." *Miller*, 98 F.4th at 216 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In toxic tort cases, expert evidence on "knowledge of the harmful level of exposure to a chemical," or general causation, is a "minimal fact necessary to sustain the plaintiffs' burden." *Byrd*, 2023 WL 4046280, at *2 (alterations omitted) (quoting *Allen*, 102 F.3d at 199). Smith does not contend he can meet this burden absent this court concluding an abuse of discretion in the district court's discovery orders. The district court thus did not err in granting summary judgment.

AFFIRMED.