779 So.2d 57 (2001)
Nancy FOLTMER, et al.
v.
Billy JAMES, et al.
No. 2000-C-2353.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 2001.
Writ Denied April 12, 2001.
*58 Claire E. Breaux, Lawrence J. Duplass, Duplass, Zwain, Bourgeois and Morton, Metairie, LA, Counsel for Defendants/Relators.
Leonard L. Levenson, Pamela M. Wiza, New Orleans, LA, Counsel for Plaintiffs/Respondents.
Court composed of Chief Judge KLEES, Judge ARMSTRONG and Judge JONES.
ARMSTRONG, Judge.
The writ application is granted. The City of Gretna's venue exception is maintained. All claims against the City should be transferred to Jefferson Parish.[1]
The venue provisions of La. R.S. 13:5104(B) are mandatory. Akins v. Parish of Jefferson, 539 So.2d 44 (La.1989). In Underwood v. Lane Memorial Hosp., 714 So.2d 715 (La.1998), there was no single parish in which both defendants could be sued, so the Court applied the doctrine of ancillary jurisdiction. In the present case, the City could be sued in Jefferson Parish under La. R.S. 13:5104(B) and, because the accident occurred in Jefferson Parish, all other defendants could be sued in Jefferson Parish as well. La.Code Civ. Proc. art. 74. La. R.S. 13:5104(B) applies to incidental demands, Vinti v. Diaz, 93-2056 (La.App. 4 Cir. 11/18/93), 627 So.2d 223; Cohen v. Landry, 89-1098 (La.App. 4 Cir. 9/5/89), 548 So.2d 115, so La.Code Civ.Proc. art. 1034 does not bar the City from filing a venue exception. Underwood does not mention Article 1034, but the discussion appears to be dicta, and does not refer to La. R.S. 13:5103, so it appears that our Cohen and Vinti decisions have not been overruled and, consequently, we are bound by them.
The plaintiffs briefly assert that La. R.S. 13:5104(B) is unconstitutional because that statute "prohibits plaintiffs from seeking redress against [the] City of Gretna." However, the statute simply specifies the court in which the plaintiffs should seek redress. They also briefly assert that the statute is unconstitutional because there is no rational basis for requiring suit to be brought against the City in Jefferson Parish when it is permissible to sue the City's insurer in Orleans Parish. However, the statute is rationally based upon "legislative consideration for allocating cases, according to the particular action and the particular parties, among the various parishes which have an interest in the action." Underwood, supra. Moreover, the statute does not subject the plaintiffs to any great onus. They could *59 have avoided having to prosecute suits in both Jefferson Parish and Orleans Parish by filing (the entire) suit in Jefferson Parish. La.Code Civ.Proc. art. 74.
For the foregoing reasons, the judgment of the trial court denying the City of Gretna's Exception of Improper Venue is reversed.
WRIT GRANTED, REVERSED.
NOTES
[1] Chief Judge Robert J. Klees retired from the bench on December 31, 2000. Judge Klees was a member of the three-judge panel deciding this opinion and signed this opinion on December 28, 2000.