937 So.2d 875 (2006)
Laurence SOLOW, Jack Stolier and Allan Katz
v.
HEARD, McELROY & VESTAL, L.L.P. and Curtis A. Swanson.
No. 2005-CA-1028.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 2006.
Order Reversing in Part on Grant of Rehearing May 31, 2006.
*876 Stephen H. Kupperman, Craig Isenberg, Barrasso Usdin Kupperman Freeman & Sarver, LLC, New Orleans, Counsel for Plaintiffs/Appellees.
James F. Shuey, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, Bernard S. Johnson, Cook, Yancey, King & Galloway, APLC, Shreveport, Counsel for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS Jr.)
PATRICIA RIVET MURRAY, Judge.
Heard, McElroy, Vestal, L.L.P. ("HMV"), seeks review from the trial court's judgment denying its dilatory and declinatory exceptions of improper venue, improper cumulation, and prematurity. Because we find the trial court erred in overruling HMV's exception of prematurity, we grant HMV's writ application.[1]

FACTS
HMV is a firm of certified public accountants headquartered in Shreveport, Louisiana. In 2002, HMV was retained by RTIN Holdings, Inc. ("RTIN") as its auditor. The case stems from the collapse of RTIN, which declared bankruptcy in March 2004. Over the years, Curtis Swanson held various positions in RTIN including chief financial officer, president, and chief executive officer. Mr. Swanson allegedly perpetrated an accounting scheme whereby RTIN significantly overstated its financial position. On March 26, 2003, RTIN submitted its 2002 annual report to the SEC. On the following day, RTIN submitted an amended 2001 annual report. With these filings, RTIN submitted audit reports that purported to be issued by HMV, when in fact HMV had not yet completed its audit. The reports expressed no concerns with RTIN's financial condition.[2] RTIN's previous auditor had expressed concern as to RTIN's ability to continue as a going concern in light of significant operating losses reflected in its 2001 audit report.
On April 3, 2003, HMV allegedly issued correspondence to RTIN requesting that it amend its filings with the SEC to remove the audit reports. Although RTIN ignored *877 this request, HMV failed to inform the SEC of the situation until February 2004, ten months later. In February 2004, the SEC announced that it was considering an enforcement action against RTIN. In March 2004, RTIN declared bankruptcy.
In April 2003, Mr. Solow began negotiating with RTIN for the sale of Mr. Solow's companies, MedEx Systems, Inc. and Pegasus Pharmacy, Inc. Mr. Solow subsequently sold the businesses to RTIN in return for 1.25 million shares of stock, promissory notes, and future payments. Mr. Solow alleges that he relied on the amended 2001 and 2002 financial statements containing HMV's audit reports. Mr. Solow alleges that he never received payment on the notes and that his shares are now worthless.[3]
As part of the sale agreement, RTIN was obligated to issue shares of RTIN stock to two of Mr. Solow's creditors, Jack Stolier, and Allan Katz. Furthermore, RTIN guaranteed that Mr. Solow, Mr. Stolier and Mr. Katz would receive no less than $2 per share when they later sold their stock. Allegedly, Mr. Stolier received 193,000 shares of RTIN stock and Mr. Katz received 169,000 shares and these shares are now worthless. It is further alleged that HMV was aware of the negotiations and agreements between Mr. Solow and RTIN and that Mr. Solow had relied on the two audit reports submitted by RTIN to the SEC in March 2003. It is still further alleged that HMV knew or was reckless in not knowing that RTIN financial statements were materially misstated and that HMV's audit reports had been improperly filed with SEC. If HMV had alerted Mr. Solow, Mr. Stolier, and Mr. Katz that RTIN's financial statements had been filed before HMV completed its audit, it is alleged that they would not have completed the sale.
In June 2004, Mr. Solow filed a complaint against HMV with the Louisiana State Society of Certified Public Accountants ("Society") requesting that review panel proceedings be instituted under the provisions of LA. R.S. 37:71, et. seq. In December 2004, HMV filed a declaratory action in Caddo Parish against Mr. Solow representing that Mr. Solow has presented a claim for damages against it to the Society and seeking a judicial declaration that Mr. Solow could not establish a cause of action against it for negligence in auditing financial statements pursuant to La. R.S. 37:91(B)(2).
In February 2005, Mr. Solow, Mr. Stolier, and Mr. Katz filed this suit in Orleans Parish against both HMV and Mr. Swanson. In response, HMV filed dilatory and declinatory exceptions of improper venue, improper cumulation, and prematurity. The trial court overruled all the exceptions. As noted at the outset, we find the trial court erred in failing to sustain the dilatory exception of prematurity. Given our finding that this suit is premature as to HMV, we pretermit considering the other exceptions.[4]

*878 DISCUSSION
The basis for HMV's exception of prematurity is the requirement that suits against a firm of certified public accountants first be presented to a review panel. The panel requirement is set forth in La. R.S. 37:105, which provides in pertinent part as follows:
Except as provided in this Part, no action against a certified public accountant or firm or his insurer may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion.
La. R.S. 37:105(A). The plaintiffs contend that HMV effectively waived the review panel requirement by commencing the declaratory judgment action in Caddo Parish. We disagree.[5]
Although La. R.S. 37:107 provides that the parties may waive the panel requirement, it mandates that both parties agree in writing to waive the panel. Particularly, it provides that "[b]y written agreement of both parties, the use of the public accountant review panel may be waived." La. R.S. 37:107. Procedurally, the proper mechanism to raise a violation of the panel requirement is by a dilatory exception of prematurity. See Saia v. Asher, 2001 1038 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257. The jurisprudence has recognized that the parties may waive the panel by failing to assert a dilatory exception of prematurity timely as required by La. C.C. P. art. 926(B), which states "[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein." Saia, 2001 1038 at p. 3, n. 3, 825 So.2d at 1259 (finding panel waived because the parties failed to raise this objection); see also Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., XXXX-XXXX (La.App. 1 Cir. 6/10/05), 916 So.2d 252.
Applying these principles to the instant case, we find the exception of prematurity should have been granted for two reasons. First, the statutory requirement for waiving the panel requirementa written agreement signed by both partieswas not met. Second, the procedural requirement to raise a violation of the panel requirementfiling a timely exception of prematuritywas met in this case. For these reasons, we find the trial court erred in failing to sustain HMV's dilatory exception of prematurity. When, as in this case, an exception of prematurity is sustained, the court is required to dismiss the action. La. C.C.P. art. 933. Accordingly, we sustain HMV's dilatory exception of prematurity and dismiss the plaintiffs' claims against HMV.
WRIT GRANTED.

ON APPLICATION FOR REHEARING
PATRICIA RIVET MURRAY, Judge.
In our earlier decision, we sustained the defendants' dilatory exception of prematurity. We did so because we found the statutory requirement for waiving the accounting review panela written agreement signed by both partieswas not met. On rehearing, the plaintiffs, citing La. R.S. *879 37:106,[1] raise the issue of whether the panel's failure to render an opinion within twelve months after the date of notification of the chairman's appointment gave them the right to seek relief in a judicial forum. To decide this issue, we ordered the plaintiffs to provide evidence that certain steps were taken.
The Louisiana Accountancy Act provides for an automatic dismissal of a panel proceeding in the event the panel fails to render an opinion within twelve months of the giving of notice of the attorney chairman's appointment, absent a court-ordered extension. La. R.S. 37:106. The plaintiffs provided evidence that the notice of the attorney chairman's appointment was given in September 2004. It is undisputed that no court ordered extension was obtained. Pursuant to La. R.S. 37:106, the panel was automatically dissolved before this suit was commenced in February 2005. The parties were thus allowed to proceed in a judicial forum. The trial court did not err in overruling the defendants' exception of prematurity.
Given our finding that the exception of prematurity was properly overruled, we now turn to the questions we pretermitted in our earlier decision of whether the trial court erred in overruling the exceptions of improper venue, improper cumulation, and lis pendens.
The petition establishes that Laurence Solow is domiciled in Jefferson Parish, Jack Stolier is domiciled in Orleans Parish, and Allan Katz is domiciled in the state of Florida. Heard, McElroy & Vestal, L.L.P. ("HMV") is domiciled in Caddo Parish. Curtis Swanson is domiciled in Montana.[2] The petition asserts that venue is proper in Orleans Parish by application of La. C.C.P. art. 74, which makes venue proper in the parish where the wrongful conduct occurred or in the parish where the damages were sustained, and by application of La. R.S. 13:3203, which permits a Long-Arm suit to be brought in the parish where the plaintiff is domiciled.[3]
Plaintiffs maintain that venue is proper in Orleans Parish for Mr. Stolier's action against Curtis Swanson under the Long Arm Statute. Plaintiffs further maintain that because Orleans Parish is the location where Mr. Stolier sustained his damages, venue is proper there for Mr. Stolier's action against HMV. La. C.C.P. art. 74. Stated otherwise, plaintiffs maintain that Mr. Stolier received his stock in Orleans Parish and thus that is the location where his damages were sustained. Additionally, plaintiffs maintain that because Mr. Swanson and HMV are jointly or solidarily liable, Orleans Parish is a proper venue for Mr. Stolier's action against HMV under either theory. La. C.C.P. art. 74.
*880 HMV contends that plaintiffs must establish Orleans Parish as a place of proper venue for each plaintiff separately because La. C.C.P. art. 463(2) allows cumulation of actions by plaintiffs only if venue is proper as to each of the cumulated actions. Regardless of whether venue is appropriate in Orleans Parish for Mr. Stolier's claims, HMV contends that plaintiffs cannot establish venue in Orleans Parish for their cumulated action.
Plaintiffs acknowledge that they cannot establish Orleans Parish as a place of proper venue for the claims of Mr. Solow and Mr. Katz; however, they argue that judicial efficiency is served by allowing the cumulated claims to proceed in Orleans Parish. Essentially, plaintiffs assert that because venue is proper in Orleans Parish for Mr. Stolier's actions against Mr. Swanson and HMV, then venue is also proper for Mr. Solow and Mr. Katz's claims.
Plaintiffs seek to invoke the doctrine of ancillary venue as a basis for establishing venue in Orleans Parish. Explaining that doctrine, the Louisiana Supreme Court in Underwood v. Lane Memorial Hospital, 97-1997, p. 8 (La.7/8/98), 714 So.2d 715, 719, stated:
Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.
Id. In Underwood, however, no single venue was proper as to all defendants. In that context, the Supreme Court embraced ancillary venue as a solution to the otherwise objectionable result of trying two cases in separate parishes with the "risk of inconsistent verdicts" being rendered. Albarado v. Union P. RR. Co., 2000-2540, pp. 9-10 (La.App. 4 Cir. 4/25/01), 787 So.2d 431, 438. In this case, however, all the claims share a common venue in Caddo Parish under La. C.C.P. art. 42. For that reason, we find the plaintiffs' reliance on the doctrine of ancillary venue misplaced. See Foltmer v. James, 2000-2353 (La.App. 4 Cir. 1/17/01), 779 So.2d 57 (declining to exercise ancillary venue because the plaintiffs could have "avoided having to prosecute suits in both Jefferson Parish and Orleans Parish by filing (the entire) suit in Jefferson Parish."); J & L Industries, L.L.C. v. Reeves, 31,742 (La.App. 2 Cir. 1/7/99), 723 So.2d 541 (finding ancillary venue was inapplicable in part because the lack of a common venue had not been demonstrated). We thus find the trial court erred in overruling the exception of improper cumulation.
Although we find Mr. Katz's and Mr. Solow's claims were improperly cumulated with Mr. Stolier's claims, we find no error in the trial court's finding that Mr. Stolier had the right to litigate his claims in Orleans Parish. As noted, Mr. Stolier is domiciled in Orleans Parish. Venue is proper in Orleans Parish over his claims against Mr. Swanson, who is domiciled in Montana, under La. R.S. 13:3203, the Long Arm Statute. Venue is also proper in Orleans Parish as to Mr. Stolier's claims against HMV under La. C.C.P. art. 73. The petition alleges sufficient facts that Mr. Swanson and HMV are joint or solidary obligors. Particularly, as the plaintiffs point out, the petition alleges that both HMV and Mr. Swanson made material misrepresentations and omissions about the accuracy of RTIN's financial statements. These allegations, as plaintiffs contend, satisfy the requirement for pleading a joint or solidary obligation. We thus find the trial court did not err in denying HMV's exception of improper venue as to Mr. Stolier's claims.
*881 Lastly, HMV contends that the trial court erred in failing to dismiss Mr. Solow's claims pursuant to La. C.C.P. art. 531, lis pendens, based on HMV's previously filed declaratory action in Caddo Parish. Given our finding that Mr. Solow's claims were improperly cumulated, it is unnecessary for us to decide this issue.
Accordingly, we grant the plaintiffs' application for rehearing and reverse our prior decision on the exception of prematurity. We reverse the trial court's ruling overruling the exception of improper cumulation and order the trial court to transfer Mr. Katz's and Mr. Solow's improperly cumulated claims to the First Judicial District Court for the Parish of Caddo. We find no error in the trial court's overruling of the exception of venue as to the claims of Mr. Stolier.
REHEARING GRANTED AND REVERSED IN PART.
NOTES
[1] This matter was initially filed as an appeal, but was subsequently converted to a writ.
[2] HMV suggests that RTIN purloined an unsigned draft audit report that HMV had not intended to be final.
[3] HMV contends that the sale of Mr. Solow's companies was completed in June of 2003 and that the sales agreement called for Mr. Solow's stock to be delivered to an escrow agent to be held until RTIN paid all the cash consideration required by the sales agreement. HMV suggests that the shares of Mr. Solow's companies either remain in the hands of an escrow agent or have been returned to Mr. Solow. As a result, HMV questions what damage if any Mr. Solow has sustained other than disappointment in not having a lucrative business deal go through. HMV emphasizes that Mr. Solow's statement that "his shares are now worthless" is a reference to his RTIN shares, not the shares in his two companies.
[4] The record reflects that a preliminary default has been taken in this suit as to Mr. Swanson.
[5] Contrary to HMV's suggestion, we find, as plaintiffs point out, that the provision in La. R.S. 37:108 allowing a party to seek judicial relief while the panel proceeding is pending is not applicable in this case. That provision, by its terms, allows an accounting firm against whom a panel proceeding is pending to seek a judicial determination as to whether a defense is available under La. R.S. 9:5604, which provides the applicable preemption period. Peremption is not at issue in this case.
[1] La. R.S. 37:106 provides:

If an opinion is not rendered by the panel within twelve months after the date notification of the selection of the attorney chairman is given the selected attorney and all other parties, pursuant to R.S. 37:109, suit may be instituted against a certified public accountant or firm. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period for good cause shown. After the twelve-month period or any court-ordered extension thereof, the public accountant review panel established to review the claimant's complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
[2] Plaintiffs obtained service on Mr. Swanson through the Long Arm Statute, La. R.S. 13:3201 et seq. He has never responded to the petition, and plaintiffs have obtained an entry of default against him.
[3] La. R.S. 13:3203 also permits a Long-Arm suit to be brought in any parish of proper venue.