STEPHEN A. HIGGINSON, Circuit Judge:
Plaintiff-Appellants Firefighters' Retirement System, Municipal Employees' Retirement System, and New Orleans Firefighters' Pension & Relief Fund sued Defendant-Appellee EisnerAmper LLP, alleging fraud and related claims. The district court dismissed Plaintiffs' claims as premature because Plaintiffs failed to seek pre-suit review by a Louisiana public accountant review panel. We affirm the dismissal and remand for the district court to decide in the first instance whether Defendants are entitled to dismissal with prejudice.
I.
In April 2008, Plaintiff-Appellants Firefighters' Retirement System, Municipal Employees' Retirement System, and New Orleans Firefighters' Pension & Relief Fund purchased shares in an investment fund, FIA Leveraged Fund, for a combined $100 million. By the time this suit was filed in 2014, Leveraged was in bankruptcy and Plaintiffs' shares had lost much or all of their value.
According to offering documents prepared before the sale, Leveraged sought to achieve returns of 10% to 15% per year by investing in equity and fixed income securities. Plaintiffs' investment in Leveraged was protected by redemption rights, which *557 provided that Plaintiffs' shares: (1) "must be redeemed" before certain other investors redeemed their shares, and (2) would be "automatically" redeemed if the value of the other investors' accounts fell below 20% of the value of Plaintiffs' shares.
Defendant-Appellee EisnerAmper LLP is a large, New York-based accounting firm. In March 2010, Leveraged retained Eisner to perform an audit of the fund. The audit was never completed. Plaintiffs allege that an audit would have revealed that Leveraged made improper investments outside the fund's mandate. A completed audit would also have allegedly shown that Plaintiffs' redemption rights had been triggered, causing Plaintiffs to redeem their shares and mitigate or eliminate their loss. Rather than disclose these facts, Plaintiffs allege that Eisner-seeking to maintain its relationship with Leveraged and some related funds-participated in a scheme to trick Plaintiffs into waiving their redemption rights.
Plaintiffs sued Eisner and a Cayman Islands-based subsidiary in Louisiana state court, alleging fraud, negligence, negligent misrepresentation, breach of contract as to a third party beneficiary, and violation of Louisiana securities and unfair trade practices laws.[1] Eisner removed to the Middle District of Louisiana. Following denial of a motion to remand, Eisner moved to dismiss all of Plaintiffs' claims for lack of personal jurisdiction, improper venue, and failure to state a claim. The district judge referred Eisner's motion to a magistrate judge.
The magistrate judge recommended that Eisner's motion be granted. In her Report and Recommendation, the magistrate judge concluded that the court lacked personal jurisdiction over Eisner's Cayman Islands-based subsidiary. As to Eisner, the Report recommended that Plaintiffs' claims be dismissed as premature for failure to comply with a Louisiana statute requiring pre-suit review of certain claims by a public accountant review panel. Despite objections from both sides to the Report and Recommendation, the district court adopted it in full.
In this appeal, Plaintiffs challenge only the conclusion that they were required to present their claims to a public accountant review panel. Eisner cross-appeals, seeking to convert the existing dismissal to a dismissal with prejudice.
II.
We review the dismissal of a complaint under Rule 12(b)(6) de novo. Swenson v. United of Omaha Life Ins. Co. , 876 F.3d 809, 810 (5th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). In this case, where subject matter jurisdiction arises from diversity and bankruptcy related-to jurisdiction, the court applies Louisiana substantive law. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co. , 559 U.S. 393, 417, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) ; Raleigh v. Ill. Dept. of Revenue , 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) ; see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P. , 894 F.3d 665, 672 (5th Cir. 2018) (applying Louisiana law). On issues the Louisiana Supreme Court has not yet decided, "we must make an Erie guess and determine, in our best judgment, how that court *558 would resolve the issue if presented with the same case." In re Katrina Canal Breaches Litig. , 495 F.3d 191, 206 (5th Cir. 2007).
A.
Louisiana has established a public accountant review panel to review claims against certified public accountants and accounting firms. La. Stat. Ann. §§ 37:102, 109. Review by the panel is a prerequisite to filing suit. Id. § 37:105; Solow v. Heard, McElroy & Vestal, L.L.P. , 937 So.2d 875, 878 (La. App. 4th Cir. 2006). Plaintiffs concede that they did not seek panel review before filing suit.
To resist the conclusion that their suit was properly dismissed as premature, Plaintiffs point to the fact that Eisner's license with Louisiana's State Board of Certified Public Accounts expired on December 31, 2014.[2] Plaintiffs do not dispute that Eisner was licensed in Louisiana at the time of the events alleged in the complaint, and when this suit was filed. Nonetheless, Plaintiffs argue that because the license had lapsed by the time Eisner filed its motion to dismiss before the district court, the review requirement does not apply. We are unconvinced.
"It is axiomatic that in Louisiana, courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." Shaw Constructors v. ICF Kaiser Eng'rs, Inc. , 395 F.3d 533, 546 (5th Cir. 2004) (quoting Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co. , 179 F.3d 169, 175 (5th Cir. 1999) ). Louisiana Revised Statutes § 37:105 provides that, except in situations not relevant here, "no action against a certified public accountant or firm or his insurer may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion." (emphasis added). Even assuming that Eisner ceased to be a "certified public accountant" for purposes of § 37:105 when its registration expired, it remains true that when Plaintiffs filed this action on February 28, 2014 they "commenced" an action against a certified public accountant before receiving a written opinion from a review panel. This is precisely what § 37:105 prohibits. The district court correctly dismissed Plaintiffs' complaint as premature. See Solow , 937 So.2d at 878.
B.
Plaintiffs argue that, even if § 37:105 would ordinarily require them to bring their claims before a review panel before filing suit, Eisner is barred from invoking the statute by the doctrines of judicial estoppel and waiver. Neither point is persuasive.
Judicial estoppel is an equitable doctrine, invoked at the court's discretion, to "protect the integrity of the judicial process." New Hampshire v. Maine , 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Edwards v. Aetna Life Ins. Co. , 690 F.2d 595, 598 (6th Cir. 1982) ). Courts should apply judicial estoppel "flexibly, with an intent to achieve substantial justice." Reed v. City of Arlington , 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.31 at 73 (3d ed. 2011) ). Three elements guide the *559 doctrine's application: "(1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." In re Flugence , 738 F.3d 126, 129 (5th Cir. 2013).
Plaintiffs' attempt to invoke judicial estoppel fails for three reasons. First, Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation. See Cupit v. Whitley , 28 F.3d 532, 535 & n.5 (5th Cir. 1994).
Second, Plaintiffs have not shown that Eisner adopted an inconsistent position, much less a plainly inconsistent one. The purported inconsistency arises from Eisner's argument that the district court lacked personal jurisdiction over Eisner. In support, Eisner attached declarations from two employees, stating generally that Eisner's contacts with Louisiana were limited. Plaintiffs do not explain how these declarations are inconsistent with Eisner's argument regarding the review board. Plaintiffs' conclusory assertions that it would be "unfair" to permit both arguments do not support applying estoppel.
Third, even if Eisner's positions were plainly inconsistent, Plaintiffs do not assert that the district court adopted the facts or argument Eisner presented to contest personal jurisdiction. Judicial estoppel is limited to cases where a court has "adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." In re Super. Crewboats, Inc. , 374 F.3d 330, 335 (5th Cir. 2004) (quoting In re Coastal Plains, Inc. , 179 F.3d 197, 206 (5th Cir. 1999) ). Here, by contrast, the district court rejected Eisner's argument and asserted jurisdiction over Eisner.
Plaintiffs' argument as to waiver is similarly unconvincing. It relies on Louisiana Revised Statutes § 37:108, which states:
A certified public accountant or firm, against whom a claim has been filed under the provisions of this Part, may raise any exception or defense available, pursuant to [ Louisiana Revised Statutes §] 9:5604, in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the public accountant review panel. If the court finds that the claim was perempted prior to being filed, the panel, if established, shall be dissolved.
Plaintiffs maintain that this section "contemplates a subsequent determination of 'competent jurisdiction and proper venue' after the CPA firm has referred the claims for panel review," and that Eisner therefore waived its right to panel review by "raising personal jurisdiction and venue before insisting on panel review." This argument overlooks that: (1) § 37:108 applies to defenses in § 9:5604, which concerns prescription and peremption, not the panel review requirement; (2) the statute does not limit the order in which these defenses may be raised, but rather permits an accountant to raise them "at any time"; (3) claimants, not defendant accountants, file claims with a review board; and (4) Eisner did not argue jurisdiction and venue before it raised the panel review requirement; it presented both arguments in the same motion to dismiss.
Neither waiver nor judicial estoppel disturbs our conclusion that the district court correctly dismissed Plaintiffs' complaint as premature.
III.
In its lone issue on cross-appeal, Eisner argues that the district court dismissed *560 Plaintiffs' claims with prejudice, or-if the court didn't-it should have. Plaintiffs respond that the dismissal was entered without prejudice, and that this was proper.
A.
We begin with whether Plaintiffs' claims were dismissed with or without prejudice. The district court's judgment did not specify. Ordinarily, this silence would signal a dismissal with prejudice. See Fed. R. Civ. P. 41(b) (providing that, with limited exceptions, involuntary dismissals function as adjudications upon the merits); Callip v. Harris Cty. Child Welfare Dept. , 757 F.2d 1513, 1519 (5th Cir. 1985). But Rule 41(b) carves out an exception for dismissals based on "lack of jurisdiction." Fed. R. Civ. P. 41(b).
The Supreme Court has explained that, though Rule 41(b) speaks of "jurisdiction," the exception is broader than its plain language might suggest:
It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.
Costello v. United States , 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). Applying this expanded definition of jurisdiction, the Court held that dismissal of a denaturalization proceeding based on the government's failure to file a good-cause affidavit[3] was without prejudice, despite the district court's failure to specify. Id. This holding has been broadly applied to pre-merits dismissals. See, e.g. , Miller v. Nationwide Life Ins. Co. , No. 06-31178, 2008 WL 3086783, at *4-5 (5th Cir. Aug. 6, 2008) (nonspecific dismissal of earlier claim was jurisdictional under Rule 41(b) because Securities Litigation Uniform Standards Act prevented prior court from reaching merits); see also 9 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2373 (3d ed. Apr. 2018 Update) ("In the light of the Costello decision, courts have recognized that Rule 41(b) does not apply in situations in which a case is dismissed because of some initial bar to reaching the merits of the plaintiff's claims[.]" (collecting cases) ).
Here, the district court's order "approve[d] the Report and Recommendation of the Magistrate and adopt[ed] it as the Court's opinion." The Magistrate Judge's report recommended that Plaintiffs' claims against Eisner be dismissed "for failure to request formation of an accountant review panel," and "d[id] not reach" Eisner's remaining arguments. In other words, the court's dismissal was based on Plaintiffs' "failure to comply with a precondition requisite to the Court's going forward to determine the merits of [their] substantive claim[s]." Costello , 365 U.S. at 285, 81 S.Ct. 534. Costello instructs that the order of dismissal must be read to operate without prejudice. See ids="6165142" index="38" url="https://cite.case.law/us/365/265/#p285">id. ; Flagg v. Stryker Corp. , 819 F.3d 132, 138 (5th Cir. 2016) (en banc) (stating that, under Louisiana law, a medical malpractice suit " 'must be dismissed' without prejudice if the plaintiff fails to" obtain review by medical review panel before filing suit (emphasis added) (quoting *561 Gele v. Binder , 904 So.2d 836, 837 (La. Ct. App. 2005) ) ).
B.
Eisner argues that Plaintiffs' claims are perempted and that it is therefore entitled to dismissal with prejudice.[4] Defendants may appeal from a dismissal without prejudice to seek entry of dismissal with prejudice. See, e.g. , Ennenga v. Starns , 677 F.3d 766, 777, 781 (7th Cir. 2012) (ruling for defendant in cross-appeal from dismissal without prejudice, where defendant asserted that district court should have dismissed the plaintiff's claim with prejudice); 15A Wright, et al., supra , § 3914.6 ("[A] defendant must be allowed to appeal a dismissal without prejudice in order to argue that the dismissal should have been with prejudice." (collecting cases) ). Louisiana Revised Statutes § 37:108 also provides that an accountant may raise limitations challenges "in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the public accountant review panel." See also La. Stat. Ann. § 9:5604(A) (listing available defenses); Bernard, Cassisa, Elliott & Davis v. Est. of Laporte , 113 So.3d 397, 401 (La. App. 5th Cir. 2013) (affirming dismissal with prejudice of claims against accountant before completion of review board process).
The Report and Recommendation did not reach Eisner's arguments on this point. Eisner reurged them in its objection, but the district judge's order adopting the magistrate judge's report did not acknowledge the objection. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." Humphries v. Elliott Co. , 760 F.3d 414, 418 (5th Cir. 2014) (quoting Singleton v. Wulff , 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ). We remand to the district court to consider in the first instance whether Eisner is entitled to dismissal with prejudice on some or all of Plaintiffs' claims.
IV.
The district court's dismissal of Plaintiffs' claims is AFFIRMED. The case is REMANDED for determination whether any of Plaintiffs' claims must be dismissed with prejudice.

Plaintiffs also brought similar claims against another accounting firm. See Firefighters' Ret. Sys. v. Grant Thornton, L.L.P. , 894 F.3d 665, 672 (5th Cir. 2018).

Although Eisner's registration status was not alleged in Plaintiffs' complaint, we may take judicial notice of the State Board's records. Norris v. Hearst Trust , 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

See Costello v. United States , 356 U.S. 256, 257, 78 S.Ct. 714, 2 L.Ed.2d 741 (1958) ("An affidavit showing good cause is a prerequisite to the initiation of denaturalization proceedings.").

Plaintiffs assert that Eisner forfeited this argument by failing to raise it in their motion to dismiss. Our review of the record reveals that Plaintiffs are mistaken.