# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11088

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

WILLIAM HENRY STARRETT, JR.,

Plaintiff - Appellant

v.

CITY OF RICHARDSON, TEXAS,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-191

Before KING, SMITH, and WILLETT, Circuit Judges.

PER CURIAM:*

William Henry Starrett, Jr. filed suit against the City of Richardson, Texas, alleging that the City failed to investigate his claims of harassment. The district court granted the City's motion to dismiss. We AFFIRM.

## I.

William Henry Starrett, Jr. brought this action against the City of Richardson, Texas, under state and federal law. He alleges that in 2015, he became aware that the United States Department of Defense and its

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contractor, Lockheed Martin Corporation, "remotely involved [Starrett] in training, operations, research, and development employing technologies that combine tracking, surveillance, communications, and weapons systems without his knowledge or consent." Starrett alleges that these actions constitute "harassment and business services theft."

Starrett reported the harassment and theft to the Richardson Police Department, emailing them a lengthy report detailing his allegations. Starrett alleges that his report has been mostly ignored.

Separately, a member of Starrett's family called to report Starrett's behavior to the police. Starrett complains that these calls "have been logged with incorrectly detailed health assumptions," including erroneous information about his mental health. Furthermore, Starrett alleges that the family member received follow-up calls from the police department, while Starrett received none. Starrett avers that the harassing behavior is ongoing and the police department's failure to investigate and address the harassment has caused him "to endure pain, suffering, injury, risk, and monumental personal and professional loss."

Starrett brought suit against the City of Richardson asserting, inter alia, violations of his rights under the United States Constitution pursuant to 42 U.S.C. § 1983, violations of his rights under the Texas Constitution, state-law tort claims, and a federal claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985. The district court, adopting the magistrate judge's report and recommendations and overruling Starrett's objections, dismissed his complaint for failure to state a claim under Federal Rule of Civil Procedure

No. 18-11088

12(b)(6). The district court also denied Starrett's request to amend his pleadings. Starrett appeals the dismissal.[1]

## II.

"We review the dismissal of a complaint under Rule 12(b)(6) de novo." *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 557 (5th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.

For the following reasons, we affirm the district court's dismissal of Starrett's complaint. We address each of Starrett's challenges to the district court's order in turn.

Starrett first challenges the dismissal of his 42 U.S.C. § 1983 claims against the City. He argues that the district court erred by finding that his allegations against the City were based on respondeat superior. He contends that the district court ignored the City's "liability and vicarious or secondary

---

[1] In his brief on appeal, Starrett also challenges the magistrate judge's recommendation that the district court dismiss the suit for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5). The district court did not adopt this recommendation, however, instead adopting the magistrate judge's recommendation that the complaint be dismissed for failure to state a claim. The district court then denied the City's motion to quash service as moot. Because we agree that the complaint is properly dismissed under Rule 12(b)(6), we find no need to address Starrett's argument that he properly served the City.

liability to acts, omissions, and mistakes of agents or other jurisdictions coordinating with or acting upon reports made or created by [the City]."

"It is well established that a city is not liable under § 1983 on the theory of respondeat superior." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). But a city may be held liable for acts "directly attributable to it 'through some official action or imprimatur.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Thus, to state a § 1983 claim against the City for violations of his constitutional rights, Starrett must allege facts showing that the City had an "official policy"; that the policy was "promulgated by the municipal policymaker"; and that the policy was "the moving force behind the violation of a constitutional right." *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

Starrett complains that the City violated his rights to due process and equal protection because the City refused to investigate and prevent his alleged harassment. But he does not point to an official policy motivating the City's refusal. And even if he did, he has not alleged a constitutional violation. There is no federal constitutional right to compel an investigation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that there is no constitutional right to have someone criminally prosecuted). Nor has Starrett alleged that he has been treated differently from other similarly situated individuals. *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir.), *cert. denied*, 139 S. Ct. 595 (2018). Therefore, the district court appropriately dismissed Starrett's § 1983 claims.

Starrett next argues that his complaint sufficiently alleged that the City had entered into a conspiracy and, therefore, dismissal of his § 1985 claim was in error. Starrett fails to plead this claim with sufficient factual support. *See Twombly*, 550 U.S. at 570. Although he cites § 1985 in his complaint, it is only

in passing. In his brief on appeal, Starrett explains that the police department maintained deficient records of his report that Department of Justice investigators visited his home and made certain threats. Even if Starrett had pleaded these facts, they still do not allege that the City engaged in a conspiracy. Therefore, the district court did not err in denying Starrett's claims.

Next, Starrett contends that the district court erred in finding that he failed to notify the City of his state tort claims. The Texas Torts Claims Act requires a plaintiff seeking to recover in tort against a "governmental unit" to provide the defendant with notice of his or her tort claim within six months of the incident giving rise to the claim. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a); *see also* § 101.001(3)(B) (defining "governmental unit" to include cities). The district court found that the incident giving rise to Starrett's claim occurred in November 2015, when Starrett's family member contacted the police department with "incorrect and illegally maintained information." Starrett protests that he did not have knowledge of the City's incorrect call logs until October 18, 2017, and that he provided appropriate notice to the City in December 2017. In making this argument, Starrett attempts to invoke the discovery rule, a rule Texas appellate courts have declined to apply to § 101.101's notice provision. *See Timmons v. Univ. Med. Ctr.*, 331 S.W.3d 840, 848 (Tex. App.—Amarillo 2011, no pet.) (collecting cases). Therefore, Starrett did not provide timely notice of his tort claims to the City.

In the alternative, Starrett challenges the district court's finding that the City is immune from tort liability, noting that the Texas Torts Claims Act specifically states that a municipality will be liable for "police and fire protection and control." Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(1). But the Texas legislature must still waive immunity from suit before Starrett can pursue a claim against the City. *See Smit v. SXSW Holdings, Inc.*, 903 F.3d

522, 530 (5th Cir. 2018). The Act waives governmental immunity for personal injury "so caused by a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code. Ann. § 101.021(2). To the extent Starrett claims that the City's unkempt records have caused him personal injury, this argument is without merit. In interpreting the Act, we have held that information within records is not "tangible" within the meaning of the Act. *Campbell v. City of San Antonio*, 43 F.3d 973, 979 (5th Cir. 1995) (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175 (Tex. 1994)). Therefore, the district court properly dismissed Starrett's tort claims.

Finally, Starrett challenges the district court's dismissal of his request for declaratory and injunctive relief. In his complaint, Starrett sought a declaration that the police department should investigate the crimes he reported; an injunction directing the City to restrict the availability of records related to Starrett that he claims are incorrect; and an injunction directing the police department to correct their records pertaining to Starrett. Declaratory judgments and injunctions are merely remedies, not causes of action. *Reyes v. N. Tex. Tollway Auth., (NTTA)*, 861 F.3d 558, 565 n.9 (5th Cir. 2017); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Because Starrett's complaint fails to state a claim upon which relief could be granted, he cannot sustain his requests for declaratory and injunctive relief.

For these reasons, the district court appropriately dismissed Starrett's complaint.

## IV.

In the alternative, Starrett argues that the district court should have afforded him leave to amend his complaint rather than dismissing it with prejudice. We review a district court's denial of leave to amend for abuse of discretion. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Although

No. 18-11088

Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend "freely . . . when justice so requires," we have also recognized that "a district court need not grant a futile motion to amend." *Legate*, 822 F.3d at 211. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

Even if the district court had allowed Starrett to amend his complaint, amendment would have been futile. Starrett does not describe what amendments he would make to his complaint in his brief before this court, although he told the district court that he wished to "join individual Defendant employee parties in their official capacity." Starrett's vague reference to unidentified "individual Defendants" is insufficient to demonstrate that he could cure the defects in his complaint. Therefore, we affirm the district court's denial of leave to amend.

## V.

For the foregoing reasons, we AFFIRM the judgment of the district court.

7