## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2020

No. 19-20518
Summary Calendar

Lyle W. Cayce
Clerk

KRYSTAL ONE ACQUISITIONS, L.L.C.,

Plaintiff - Appellant

v.

BANK OF AMERICA, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3767

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Krystal One Acquisitions, LLC (KONE) sued Bank of America, NA (BANA) to stop a foreclosure sale. The district court granted BANA's Rule 12(b)(6) motion and dismissed KONE's suit with prejudice. We AFFIRM.

### I. Facts & Procedural History

In March 2005, Zanah Y. Qasem executed a note of approximately $44,000.00 in favor of BANA on a residential property located in Houston, Texas ("the Property"). The same day, Qasem executed a homestead lien

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20518

contract and deed of trust with Hany Baeissa and recorded the document in the real property records of Bexar County, Texas. Qasem then defaulted on the loan and in December 2010, the Property sold at a homeowner's association (HOA) foreclosure sale to Masomeh and Khosrow Abtahi. Then, in June 2011, the Property sold again at an HOA foreclosure and reverted back to the HOA.

On October 5, 2011, Qasem filed chapter 7 bankruptcy in the Eastern District of Michigan and received a discharge on January 10, 2012. On February 8, 2012, the bankruptcy court granted BANA's motion to lift the stay on the Property. In 2012, the HOA conveyed the Property to XSV Industries, LLC, which transferred the Property to Trans Industries, LLC (Trans) in 2013. On September 21, 2013, BANA's servicer, Ocwen Loan Servicing, LLC, sent notice of default and intent to accelerate to Qasem. BANA's counsel sent a notice of acceleration to Qasem on May 9, 2015 and a corrective notice of acceleration on May 14, 2015.

On June 24, 2016, BANA sued Baeissa, Qasem, and Trans in the United States District Court for the Southern District of Texas (Houston) for declaratory judgment, judicial foreclosure, and equitable subrogation. In December 2016, the Property sold again at an HOA foreclosure to KONE. In May 2018, the district court awarded BANA default judgment against Qasem and Trans and summary judgment against Baeissa. It entered final judgment determining BANA to be the current owner of the note, beneficiary of the deed of trust, and mortgagee with right to enforce the deed of trust. The district court also found BANA had a first lien security interest on the Property, the deed of trust secured the balance on the note (including attorney's fees, interest and court costs), and due to default on the note, BANA could enforce the deed of trust through non-judicial foreclosure. BANA set a foreclosure sale for October 2, 2018.

No. 19-20518

On October 1, 2018, KONE sued BANA in the 129th judicial district court of Harris County, Texas, to stop the October 2nd foreclosure sale. The court issued a temporary restraining order and the sale did not occur. BANA then filed its answer and removed to the U.S. District Court for the Southern District of Texas (Houston). KONE asserted claims for trespass to try title, removal of cloud on title, and declaratory judgment. It also asserted that BANA's right to enforce the deed of trust was barred by the statute of limitations since the former owner defaulted on the note as early as 2011.

BANA then moved for dismissal pursuant to Rule (12)(b)(6). In its motion BANA pointed to the May 2018 district court judgment holding that it had a first lien on the Property and right to conduct a non-judicial foreclosure sale. It also argued that the statute of limitations did not bar its foreclosure. In June 2019, the district court granted BANA's motion and dismissed KONE's suit with prejudice. KONE noticed its appeal in July 2019.

## II. Standard of Review

We review the district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)); *see* FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Discussion

On appeal, KONE argues that the district court erred in granting BANA's motion to dismiss because KONE stated a valid "cause of action for declaratory relief to quiet title." KONE further asserts that BANA's Rule 12(b)(6) motion should have been construed as a motion for summary judgment

because BANA requested the court to take judicial notice of its exhibits that were public record. KONE also assigns error to the district court's refusal to grant its belated request for leave to amend its complaint. We disagree.

*A. KONE's Quiet Title Claim*

KONE argues that it stated a valid "cause of action for declaratory relief to remove cloud on title." In KONE's original complaint, it sought "a declaratory judgment to declare that it is the owner of the Property and to declare that Defendant the Bank has no interest in the Property." Later in its complaint, it stated that "KONE seeks a judgment to strike any interest of Defendant Bank as a cloud on KONE's title." But as BANA argues on appeal, KONA failed to state a claim upon which relief could be granted because it did not explain how BANA's lien on the Property was invalid or unenforceable. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.–Houston [1st Dist.] 2012, pet. denied) ("A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property."). Accordingly, we reject KONE's argument that it stated a claim to remove cloud on title that was plausible on its face.

KONE also suggests that BANA's right to enforce the deed of trust is barred by the statute of limitations since the former owner defaulted on the note as early as 2011. The record reflects, however, that BANA sent a notice of acceleration to Qasem on May 9, 2015 and BANA sued Baeissa, Qasem, and Trans for declaratory judgment, judicial foreclosure, and equitable subrogation on June 24, 2016. This was well within the 4-year statute of limitations prescribed by Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a) ("A person must bring suit for the recovery of real property under a real property

lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.").[1]

*B. Extrinsic Evidence Considered with Dismissal*

In its motion to dismiss, BANA attached several exhibits, all of which were public record. The exhibits include: the deed of trust and other related deeds that are recorded in Fort Bend County's public records; and filings from the related lawsuit involving BANA before the same district court prior to KONE's lawsuit against BANA. KONE contends that the documents in these exhibits were extrinsic and therefore the district court was required to convert the Rule 12 motion into a motion for summary judgment upon considering them. We disagree.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court may also take judicial notice of matters of public record. *Id.* (citing *Firefighters' Retirement Sys., v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).

Because the deeds and the filings from prior lawsuits that BANA attached to its dismissal motion were public record, the district court was

---

[1] Citing *Travelers Inc. Co. v. Joachim*, 315 S.W.3d 860 (Tex. 2010), KONE argues that because it was not a party to BANA's prior lawsuit against Qasem, Trans, and Baeissa, it is not bound by that decision. We reject this argument. In the earlier suit, BANA was awarded a first lien security interest on the Property and the right to enforce the deed of trust through non-judicial foreclosure. That KONE was not a party to the prior lawsuit is inconsequential— the district court's judgment in favor of BANA is valid and enforceable regardless. Moreover, *Travelers* is inapposite here as the language KONE cites from that case addresses the required elements for application of the affirmative defense of *res judicata*—an issue not at play in these proceedings. *See id.* at 862.

permitted to consider them in deciding the motion to dismiss. Accordingly, to the extent the district court considered the documents, that consideration did not convert the dismissal motion into one for summary judgment. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### C. Denial of Motion to Amend

Lastly, KONE argues that the district court erred in denying it leave to file an amended complaint. Again, we disagree.

A review of the district court's docket sheet reveals that it issued a scheduling order on March 1, 2019 stipulating that any amended pleadings were due by April 1, 2019. KONE sought to amend its complaint on May 9, 2019, approximately five weeks after the district court's noticed deadline.

"We review the district court's denial of leave to amend for abuse of discretion." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). In *Southwestern Bell Telephone Company v. City of El Paso*, we explained that:

> Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. The rule provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.
>
> Thus, [the party seeking amendment] must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.
>
> In determining good cause, we consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

No. 19-20518

and (4) the availability of a continuance to cure such prejudice.

*Id.* (internal quotation marks and citations omitted).

KONE's request to amend its complaint does not acknowledge that its submission was five weeks after the district court's set deadline for amendment of pleadings had passed. It only states that "if the Court grants the Motion to Dismiss, Plaintiff requests leave of Court to amend its pleadings to add more specific factual allegations against Defendant in support of Plaintiff's claims." This bare statement fails to adhere to Rule 16's requirement that good cause be shown as to why KONE could not meet the April 1st deadline. The district court did not abuse its discretion in declining to grant KONE's motion to amend. *See Sw. Bell Tel. Co.*, 346 F.3d at 546.

## IV. Conclusion

The judgment of the district court dismissing KONE's suit with prejudice is affirmed.