# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2021

Lyle W. Cayce
Clerk

No. 20-30255
Summary Calendar

Samantha J. Jackson,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

AT&T Retirement Savings Plan; AT&T Pension Benefit Plan Mobility Program; AT&T Incorporated; AT&T Services, Incorporated; Fidelity Workplace Services, L.L.C.; AT&T Mobility Services, L.L.C.,

*Defendants—Appellees/Cross-Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-116

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Samantha J. Jackson, *pro se*, filed a complaint under 29 U.S.C. § 1132(a), the civil enforcement provision of the Employee Retirement

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30255

Income Security Act of 1974 ("ERISA"). Jackson sued AT&T Inc., the AT&T Retirement Savings Plan ("Savings Plan"), the Mobility Program of the AT&T Pension Benefit Plan, AT&T Services, AT&T Mobility Services L.L.C. ("AT&T Mobility"), and Fidelity Workplace Services, L.L.C., alleging breaches of fiduciary duties resulting in diminished contributions to employee accounts in the Savings Plan. This occurred as a result of Cingular Wireless being merged with and converted to AT&T Mobility, which led to Cingular's ERISA plan being replaced by the Savings Plan. Primarily, Jackson complained that the Defendants improperly classified certain forms of compensation in a way that reduced their contributions to the Savings Plan. She also asserted that the Defendants improperly delayed crediting contributions to the Savings Plan and that a merger document was invalid.

Jackson's third amended complaint also included allegations of a hostile work environment, fraud, various intentional and negligent torts, and violations of the Fair Labor Standards Act. Those claims were dismissed, and Jackson has abandoned them by declining to brief them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). In dismissing the third amended complaint, the district court also concluded that the court had no personal jurisdiction over AT&T Inc. However, the court allowed Jackson to file a fourth amended complaint to clarify her fiduciary-duty claims, and to clarify when she first became aware of those potential claims for purposes of establishing timeliness under 29 U.S.C. § 1113.

The Defendants successfully moved to dismiss the fourth amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court found that Jackson had presented a timely fiduciary-duty claim rather than a disguised claim for benefits. In pertinent part, however, the court found that Jackson had not stated a claim under ERISA because the Defendants were functioning as employers and not

No. 20-30255

performing fiduciary duties when they took the actions of which Jackson complained.

Jackson filed a timely notice of appeal. The Defendants cross-appealed. We review *de novo* the Rule 12(b)(6) dismissal. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

Jackson's *pro se* notice of appeal mentioned only the fourth amended complaint, yet she seeks to contest the district court's ruling that there was no personal jurisdiction over AT&T, a ruling made when the third amended complaint was dismissed. We accept, though, that under a liberal construction of the notice and pleadings, the appeal encompasses her contention that the district court erred by finding no personal jurisdiction. *See Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997); *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1173 n.18 (5th Cir. 1985). Jackson's argument on the issue now is different than the one she made in district court, though, as she asserts for the first time here that personal jurisdiction arises from AT&T's national contacts. We see no need to explore whether the argument is before us and then whether she is correct, because our answering those questions will not affect the outcome of the appeal. Important for our decision to bypass this issue is that the necessity for personal jurisdiction is an individual right that can be waived by a defendant, and its absence does not affect the jurisdiction of the court. *See Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 321 n.5 (5th Cir. 2006).

As to the merits of the dismissal of the fourth amended complaint, we conclude that Jackson has failed to show any error in the district court's ruling that the Defendants were acting as employers or settlors of a trust, and not in a fiduciary capacity, at the time they took the actions of which Jackson complains. Neither was there error by concluding that Jackson failed to allege facts to show that any other actions were taken in violation of the terms

of any ERISA plan. It is settled that "an employer that decides to terminate, amend, or renegotiate a plan does not act as a fiduciary, *and thus cannot violate its fiduciary duty*, provided that the benefits reduced or eliminated are not accrued or vested at the time, and that the amendment does not otherwise violate ERISA or the express terms of the plan." *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1524 (5th Cir. 1994. Accordingly the dismissal is AFFIRMED.

In their cross-appeal, the Defendants repeat their arguments that Jackson's claims should have been construed as claims for individual benefits rather than fiduciary-duty claims. They also disagree with the district court's conclusion that the claims were timely under 29 U.S.C. § 1113.

The cross-appeal is purportedly premised on the Defendants being "uncertain" about whether the judgment granting their motion to dismiss was "with prejudice." However, as the Defendants have noted, the dismissal for failure to state a claim is presumed to be with prejudice unless the judgment explicitly states that it is not. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283–84 & nn.6, 8 (5th Cir. 1993); *see also Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 560 (5th Cir. 2018)). Here, there is nothing whatsoever to suggest that the dismissal was anything other than "with prejudice."

"A cross-appeal is generally not proper to challenge a subsidiary finding or conclusion when the ultimate judgment is favorable to the party cross-appealing." *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 127 (5th Cir. 2017) (quotation marks and citation omitted). The Defendants were free to urge, without a cross-appeal, any ground in support of the judgment, including arguments the district court rejected. *Id.* (disapproving of "protective" or "conditional" cross-appeals).

But their "cross-appeal filed for the sole purpose of advancing additional arguments in support of a judgment [was] worse than unnecessary, because it" needlessly increased the amount of briefing without clarifying any pertinent issue.  *Id.* (quotation marks and citation omitted).  Because the Defendants' cross-appeal was unnecessary — and arguably improper — it is DISMISSED.  *See id.*; *cf. Krames v. Life Ins. Co. of S.W.*, 638 F.3d 489, 489 (5th Cir. 2011) (ruling that a dismissal with prejudice rendered a cross-appeal moot); *Little v. KPMG LLP*, 575 F.3d 533, 542 (5th Cir. 2009) (declining to reach a cross-appeal's merits).

JUDGMENT AFFIRMED; CROSS-APPEAL DISMISSED.